**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Saul GERVACIO–ANGEL,**
**Defendant–Appellant.**

No. 04–40856.
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

**79**

PER CURIAM: *

Raul Gervacio–Angel appeals his sentence following his guilty-plea conviction of attempted illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 46 months of imprisonment, three years of supervised release, and a $100 special assessment.

For the first time on appeal, Gervacio–Angel argues that, under *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this court must vacate his sentence and remand for resentencing because the mandatory guideline regime was in place at the time of his sentencing. An unpreserved challenge to the application of the formerly mandatory sentencing guidelines is reviewed for plain error. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *cert. denied* — U.S. —, — S.Ct. —, — L.Ed.2d —, 2005 WL 1811485 (2005).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. *Id.* Gervacio–Angel also bears the burden of demonstrating "that the sentencing judge—sentencing under an advisory scheme rather than a mandatory one—would have reached a significantly different result." *See United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *cert. denied* — U.S. —, — S.Ct. —, — L.Ed.2d —, 2005 WL 816208 (2005). Gervacio–Angel has not made such a showing.

Gervacio–Angel also argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require the fact of a prior

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Gervacio–Angel concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Almendarez–Torres* was not overruled by *Apprendi. See United States v. Sarmiento–Funes,* 374 F.3d 336, 346 (5th Cir.2004). Accordingly, the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.